

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AMERICAN PRAIRIE CONSTRUCTION CO., formerly known as North Central Construction, Inc., | CIV 04-1016 |
| Plaintiff, | ORDER AND OPINION |
| -vs- | |
| TRI-STATE FINANCIAL, LLC and JOHN HOICH, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Following entry of the Court's memorandum opinion and order and judgment, defendant Hoich filed a motion to amend findings, to alter and amend the judgment, and to stay execution of the judgment, Doc. 182. Defendant Tri-State Financial ("TSF") filed a motion to amend findings as to damages and interest, Docs. 188 and 191, a motion to stay execution of judgment until a ruling was made on the motion to amend findings, Doc. 194, and a motion to stay execution of judgment pending appeal and motion for expedited hearing, Doc. 197.

I have considered the motions and briefs filed herein. Defendants are clearly correct that I erred in ordering a judgment for $2,500,000. The amount of the judgment should be limited to $2,025,000, plus prejudgment interest and costs.

Defendants also challenge the date at which prejudgment interest should commence to run. Defendants point to July 28, 2004, the date that NCC first tendered the assignment of its claims and assets to TSF. I believe I erred in ordering an earlier commencement of prejudgment interest. As I have thought about the matter further, I also believe that an additional 30 day tolling period should be ordered, given the later continuing negotiations and even a mediation session before Judge Simko. Thus, prejudgment interest should commence to run on August 28,

2004, and continue until January 2, 2008, the date that the judgment was originally entered in the clerk's docket.

Hoich raises other claims of error and I will address those to a very limited extent. He objects to the court having given evidentiary value to the business records of TSF which were specifically requested by the court at trial to be furnished by counsel for TSF. On August 8, 2007, counsel for TSF supplied the records. Hoich was at all times a member and substantial investor in TSF. Does he in good faith contend that he had no knowledge of these documents and had not had such records in his possession at all times material? If so, his claims make no sense. What did Hoich and his attorneys think was going to happen with the records, if material and relevant? The request was not made out of idle curiosity. Neither Hoich nor any other party made any objection to the records being furnished. Any objections have been waived. There was no surprise or unfairness of any kind to Hoich as to the records.

The objection of Hoich to the court taking judicial notice of the book authored and published by Hoich also has no merit. The book is readily found on the internet. The material contained in the book is relevant and material. There would be no surprise to Hoich, given the fact that he wrote and published the book. The request, if there is one, for opportunity to be heard under Rule 201(e) should be denied.

I believe one of the issues at trial was the status of Hoich. Evidence was received on such issue. The fact that the issue might not have been properly pled by plaintiff is of no moment. The question of guarantor status was also determined as an alternative form of relief.

Much of Hoich's filing deals with claimed issues as to the statute of frauds. Hoich forgets that, in this case, the evidence was undisputed that he initially performed. He raised the necessary $2,000,000 and caused the funds to be deposited in the name of TSF in the trust account of counsel for TSF. Only after the funds had been raised did Hoich, Strasheim, and Jandrain decide to attempt to reverse the terms of the settlement. With NCC refusing to agree to such a "reverse agreement", Hoich participated in the withdrawal of the funds and blocked further and full good faith performance. He and TSF reneged and blocked the availability of the funds, after Hoich had partially and substantially performed. Any requirements of the statute of frauds would be easily satisfied under the facts of this case.

All other motions and arguments have been considered and I determine that they lack merit, except as expressly granted herein.

Now, therefore,

IT IS ORDERED:

1. The motion, Doc. 182, to amend findings and alter judgment is granted, in part, as to the amount of the judgment and the date for calculating pre-judgment interest. The motion, Doc. 182, is denied in all other respects.

2. The motions, Doc. 188 and 191, to amend findings as to damages and interest is granted in part, as to the amount of the judgment and the date for calculating pre-judgment interest. The motions, Docs. 188 and 191, are denied in all other respects.

3. The motions, Docs. 194 and 197, to stay execution of judgment and for an expedited hearing are denied, except as granted herein.

4. Plaintiff shall take no action to enforce the judgment until 20 days following the entry of this Order and Opinion.

Dated this 22nd day of January, 2008, *nunc pro tunc* to January 2, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Paopke
DEPUTY
(SEAL)

3